**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                    TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:  Williams et al v. BP Corporation North America, Inc. et al

Case Number:   2:07-cv-00179-ID

Referenced Pleading:   Motion to Stay - Doc.7

This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA A. WILLIAMS, TEAM TRUCKING, 3 GIRLS ENTERPRISES, INC., DENNIS K. MANN, AND DAVID KOPF on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BP CORPORATION NORTH AMERICA, INC., CHEVRON USA, INC., CIRCLE K STORES, INC., CITGO PETROLEUM CORPORATION, CONOCOPHILLIPS COMPANY, COSTCO WHOLESALE CORPORATION, ENTEC STATIONS, INC., EXXON MOBIL CORPORATION, FLYING J, INC., LIBERTY OIL AND GAS CORPORATION, PETRO STOPPING CENTERS, LP, PILOT TRAVEL CENTERS, LLC, SHELL OIL COMPANY, TRAVEL CENTERS OF AMERICA, INC., VALERO MARKETING AND SUPPLY COMPANY, WAL-MART STORES, INC., d/b/a Sam's Club,<br><br>Defendants. | Case No: 2:07-cv-00179-MEF-TFM |

## MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant Petro Stopping Centers, L.P. ("Petro") has conferred with counsel for Plaintiffs in this matter, and with Defendants Valero Marketing and Supply Company, CITGO Petroleum Corporation, Pilot Travel Centers LLC, Circle K Stores Inc., Chevron USA, Inc., Wal-Mart Stores, Inc., Shell Oil Company, Exxon Mobil Corporation, BP Corporation North America Inc., and ConocoPhillips Company (collectively, "Moving Defendants"), and represents

1

to the Court that Plaintiffs and each of these Defendants do consent to the stay requested in this Motion.[1]

Petro respectfully requests that this Court stay all proceedings in the above-captioned action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML;" Multidistrict Litigation referred to as "MDL").

This is one of multiple duplicative lawsuits that have been filed against these and other defendants in federal courts across the country (referred to as the "Motor Fuel Temperature Sales Practices Litigation"). In light of the substantial similarities among the actions filed in federal court, certain defendants seek to have the consolidated cases transferred to the District of New Jersey. Other defendants subsequently filed a responsive brief before the MDL Panel agreeing that the actions should be consolidated, either in New Jersey or Oklahoma. Plaintiffs will also file a brief in the MDL proceeding that will agree that the actions should be consolidated - perhaps in a jurisdiction different than those suggested by defendants. Once that ruling is made, the case would proceed in the MDL Court or in this Court if not transferred. Since it is likely that the MDL Panel will transfer this and the other pending actions like it to a single district for coordinated proceedings, the Moving Defendants and the Plaintiffs request that this Court hold this action in abeyance pending the MDL Panel's ruling in <u>In Re Motor Fuel Temperature Sales Practices Litigation</u>, MDL Docket No. 1840.

### Introductory Statement and Nature of the Case

This lawsuit raises legal and factual issues that are present in approximately twenty-six other actions filed in District Courts across the country. New cases are filed on almost a

---

[1] With respect to each of the Moving Defendants, this Motion is made without waiver of any defenses including, but not limited to, the defense of lack of personal jurisdiction. Additionally, Plaintiffs reserve the right to amend their Complaint during the stay period.

2

08003.18500/KSHO/PLEA-1/975506.1

daily basis. Each of the cases alleges in similar fashion that retail purchasers of gasoline or diesel fuel are receiving less energy than they are entitled to receive when the temperature of the fuel exceeds 60 degrees Fahrenheit. Each case also seeks class action certification on behalf of all retail purchasers of fuel within one or more states. Plaintiffs in this case base each of their claims - - civil conspiracy, breach of the duty of good faith and fair dealing, breach of the Alabama Deceptive Trade Practices Act, and quantum meruit/unjust enrichment - - on these same allegations.

The interests of justice, fairness, judicial economy and efficiency dictate that all proceedings in this case should be stayed pending a decision by the JPML. The Defendants have not yet filed responsive pleadings, no party has raised jurisdictional challenges, discovery has not commenced, and no dispositive motions have been filed. The parties should not be required to respond to the Complaint, engage in discovery, provide initial disclosures, file dispositive motions, or otherwise continue with pretrial proceedings until the JPML rules on the MDL Motion.

**1.    The Court has inherent power to stay all proceedings in this case pending MDL transfer.**

This Court may, in its discretion, grant a stay when it serves the interest of judicial economy and efficiency. Landis v. North American Co., 299 U.S. 248, 254 (U.S. 1936). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Id.

In the specific context of a case awaiting MDL transfer, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to consolidate and transfer is pending with the JPML because of the judicial resources that are conserved." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1362 (C.D. Cal. 1997). Indeed, case

law is replete with decisions where District Courts have stayed preliminary proceedings while awaiting decision from the JPML. See e.g., Moore v. Wyeth-Ayerst Laboratories, 236 F.Supp.2d 509, 513 (D. Md. 2002) (granting the motion to stay proceedings pending transfer to MDL); Namovicz v. Cooper Tire & Rubber Company, 225 F.Supp.2d 582, 585 (D. Md. 2001) ("determin[ing] that a stay in proceedings pending the determination of the MDL Panel is appropriate."); Hertz Corp. v. Gator Corp., 250 F.Supp.2d 421, 428 (D.N.J. 2003) (granting defendant's motion to stay all proceedings in the matter pending a determination of the MDL panel); American Seafood, Inc. v. Magnolia Processing, Inc., 1992 U.S. Dist. LEXIS 7374 at 8 (E.D. PA 1992) (granting the request for a stay pending a ruling by the JPML on the motions to transfer); Buie v. Blue Cross and Blue Shield of Kansas City, Inc., No. 05-0534, 2005 WL 2218461 (W. D. Mo. Sept. 13, 2005).

When a motion to transfer has been filed with the JPML, the court should balance three factors to determine whether to stay a pending proceeding until the JPML can rule: the economical use of judicial resources; the hardship to the moving party if the stay is not granted; and the potential prejudice to the non-moving party if the stay is granted. See, Hertz Corp., supra, 250 F.Supp.2d at 426-28; Buie, supra, No. 05-0534, 2005 WL 2218461 at *1. In this case, consideration of each of these factors supports imposition of a stay.

### 2. Staying this case would cause no prejudice to any party.

No party will suffer prejudice if the case is stayed at this time. No issues of venue, jurisdiction, or other pretrial motion have been raised. No discovery has occurred, and the parties have not yet begun their meetings and exchanges required by Rules 16(b) and 26(f).

On the relatively rare occasions when District Courts have denied motions for stay pending JPML ruling, it is usually because the non-moving party had already initiated a

significant substantive or procedural motion, such as a motion to dismiss, remand, or change venue. See, e.g., Jenkins v. H&R Block, Inc., 2006 WL 1408328 (D. Ark. May 17, 2006); State ex rel. Nixon v. Mylan Laboratories, Inc., 2006 WL 1459772 (E.D. Mo. May 23, 2006).

Even where such motions have been filed, however, courts often stay proceedings nonetheless in order to allow the motion to be decided by the MDL Court. See Bullard v. American Airlines, Inc., 929 F.Supp. 1284 (W.D. Mo. 1996) (in a wrongful death action against an airline the court stayed ruling on a Motion to Dismiss pending JPML consolidation); Selico v. Waterman S.S. Co., 1999 WL 172958 (D. La. March 26, 1999) (court postponed ruling on motion to remand pending transfer because motion should be decided by transferee judge); Johnson v. AMR Corp., 1996 WL 164415 (D. Ill. April 3, 1996) (staying ruling on jurisdictional issue until Panel rules on transfer).

Even though the filing of such a motion would not mandate denial of a stay, no such motions have been filed here. A stay will prejudice no one. For this reason, the moving parties, including plaintiffs and all of the Moving Defendants, have jointly agreed to this motion and the proposed stay.

### 3. The parties will be significantly prejudiced if the case is not stayed.

The parties face substantial prejudice, through needless and duplicative discovery, motion practice and other pretrial proceedings, if a stay is denied. Specifically, if the case is not stayed, the parties will be obligated to proceed with their Rule 26(f) conference; their initial disclosures under Rule 26(a)(1); submit their initial report and proposed discovery plan under Rule 26(f); and the Court will issue its initial scheduling order. All of these matters could well occur before the Transfer Order is issued by the JPML, and all would be subject to being duplicated before the

08003.18500/KSHO/PLEA-1/975506.1

MDL Court. Clearly, preliminary matters such as these are commonly handled by MDL Courts, and should be handled by that Court in this case.

Discovery in this case would also be duplicative and wasteful if not stayed pending MDL transfer. The twenty-five or so combined cases include approximately 85 individual named plaintiffs and approximately 100 named defendants. The combined cases, and this case specifically, seek to certify state-wide class actions against multiple defendants while asserting complex theories of law. Discovery and motion practice in such cases is inevitably complex, multi-faceted, and protracted. The parties should not be subjected to duplicative discovery and the risk of inconsistent orders or rulings in this case and the various other similar cases. This risk can be eliminated if the case is stayed for a short time, pending ruling by the JPML.

Courts have widely recognized the prejudice that all parties will incur if a complex individual case proceeds with pretrial activity and discovery while pending transfer to an MDL Court. Mathis v Bristol-Myers Squibb, Co., No. 03-0308, 2003 WL 1193668, *2 (E.D. La. March 12, 2003); U.S. Bank, National Association v. Royal Indemnity Co, No. 3:02-CV-0835, 2002 WL 31114069, *2 (N.D. Tex. Sept. 23, 2002) ("if [defendant] is forced to conduct discovery and file dispositive motions with the Court, an excessive amount of time, money, and energy could potentially be wasted."); American Seafood, Inc. v. Magnolia Processing, Inc., No. 92-1030, 1086, 1992 WL 102762, *2 (E. D. Pa. May 7, 1992)("duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay"); Ramos-Martir v. Astra Merck, Inc., No.05-2038, 2005 WL 3088372, *1 (D. P.R. Nov. 17, 2005); Falgoust v. Microsoft Corp., No. 00-0779, 2000 WL 462919, *2 (E.D. La. April 19, 2000).

This case is no different. The Court should exercise its power to protect all parties from that prejudice by ordering a stay.

### 4. Stay of this case will conserve judicial resources and enhance judicial efficiency.

If this case proceeds while awaiting the JPML's ruling on consolidation and/or transfer, pre-trial proceedings and discovery would continue as required by the rules of civil procedure. The Court would have to approve a case management plan and issue a scheduling order. The Court would become involved in initial discovery disputes, which are likely if not inevitable in a case that involves documentary and electronic records from perhaps tens of thousands of store locations. Then, once the case is transferred by the JPML, all of this Court's effort would be repeated and duplicated by the MDL Court.

Consequently, if this Court proceeds forward without a stay, it would expend needless time and energy on a case that will then be transferred to, and heard by, another judge. This would "unnecessarily consume judicial time and energy." Rivers v. Walt Disney, supra, 980 F.Supp. at 1360. Instead of wasting time and energy in this manner, the Court should stay the case as many other Courts have done in similar circumstances.

Numerous courts have stayed cases pending MDL transfer in order to conserve judicial resources and enhance efficiency. In Conner v. AT&T, No. 06-0632, 2006 WL 1817094, *3 (E.D. Cal. June 30, 2006), for example, the Court found that judicial economy favored a stay because "during the time this action is awaiting a ruling from the Panel, the court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants' possible dismissal motions, and resolve potential discovery issues." Id. at *3. The Court further found that a stay would better ensure uniform decisions on pretrial matters in the multiple cases pending, and conserve judicial resources because only one court would need to decide issues that

7

were common to many cases. *Id. See also,* <u>Ramos-Martir v. Astra Merck, Inc.</u>, supra, 2005 WL 3088372 at *1, ("Logic dictates that the Court's interest in preserving judicial and party resources should be more prominent when little if any resources have been expended"); <u>Hertz Corp. v .Gator Corp.</u>, supra, 250 F.Supp.2d 421 at 428 ("Without a short stay, the Court loses the potential efficiencies that would be created by having pretrial issues involving common facts and law decided by a single judge").

This Court's time and resources are precious. They should not be expended needlessly on preliminary matters which can and will be handled by the MDL Court after the case is transferred.

## CONCLUSION

The Court should exercise its inherent power to stay this case until the JPML rules. Doing so will impose no meaningful burden or prejudice on any party, will protect all the parties from duplicative and burdensome efforts and potentially inconsistent rulings, and will promote judicial economy and efficiency in this litigation. The moving parties therefore respectfully request that this Court stay all proceedings until the JPML issues an order on the transfer of this case to a designated District Court judge for consolidated pretrial proceedings.

March 13, 2007                          Respectfully Submitted,


                                        _s/ Robert S. Lamar, Jr._
                                        Robert S. Lamar, Jr. (LAM002)


                                        _s/ Stephen D. Christie_
                                        Stephen D. Christie (CHR016)


**Of Counsel for Defendants:**
Lamar, Miller, Norris, Haggard, & Christie, P.C.
    501 Riverchase Pkwy, Suite 100

08003.18500/KSHO/PLEA-1/975506.1

Birmingham, AL 35244
Telephone: 205-326-0000
Facsimile: 205-323-2945
E-Mail:
*rlamar@lmnflaw.com*
*schristie@lmnflaw.com*

Mitzi T. Shannon
Kirsten C. Stevenson
KEMP SMITH LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: 915-533-4424
Facsimile: 915-546-5630
E-Mail:
*mshannon@kempsmith.com*
*kstevenson@kempsmith.com*
ATTORNEYS FOR DEFENDANT PETRO STOPPING CENTERS, L.P.

**Signing with permission for the limited purpose of this Motion on behalf of:**

Tristan L. Duncan
Laura C. Fey
Dylan L. Murray
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
E-mail:
*tlduncan@shb.com*
*lfey@shb.com*
*dmurray@shb.com*
ATTORNEYS FOR DEFENDANTS PILOT TRAVEL
CENTERS LLC and CIRCLE K STORES INC.

Ernest J Getto
Stephen Stublarec
Darius Ogloza
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: 415-391-0600
Facsimile: 415-395-8095
E-mail:
*ernie.getto@lw.com*

9

*steve.stublarec@lw.com*
*darius.ogloza@lw.com*
ATTORNEYS FOR DEFENDANT CHEVRON USA, INC.

---

Brian L. Duffy
Naomi G. Beer
GREENBERG TRAURIG LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: 303-572-6545
Facsimile: 303-572-6540
E-mail:
*beern@gtlaw.com*
*duffyb@gtlaw.com*
ATTORNEYS FOR DEFENDANT WAL-MART STORES, INC. d/b/a SAM'S CLUB

Fredric C. Nelson
John R. Foote
Kathryn McQueen Barnes
Thelen Reid Brown Raysman & Steiner LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-371-1200
Facsimile: 415-371-1211
E-Mail:
*fcnelson@thelen.com*
*jrfoote@thelen.com*
*kbarnes@thelen.com*

and

Frederick Whitmer
Catherine McGrath
Rachel Hollander
THELEN REID BROWN RAYSMAN & STEINER, LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225
Telephone: (212) 603-2000
Facsimile: (212) 603-2001
E-mail:
*fwhitmer@thelen.com*
*rhollander@thelen.com*
*cmcgrath@thelen.com*
ATTORNEYS FOR DEFENDANT SHELL OIL COMPANY

Ronald C. Redcay

Sean Morris
Melanie Hanson Sartoris
Arnold & Porter LLP
777 South Figueroa Street
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Fax: (212) 715-1399
E-Mail:
*Ronald.Redcay@aporter.com*
*Sean.Morris@aporter.com*
*Melanie.Hanson.Sartoris@aporter.com*
ATTORNEYS FOR DEFENDANT BP CORPORATION NORTH AMERICA INC.

David J. Lender
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8153
Facsimile: 212-310-8007
E-Mail:
*david.lender@weil.com*
ATTORNEYS FOR DEFENDANT EXXON MOBIL CORP.

Daniel S. Mason
Joe Bell
Zelle, Hofmann, Voelbel, Mason & Gette LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-693-0700
Facsimile: 415-693-0770
E-Mail:
*dmason@zelle.com*
*jbell@zelle.com*
ATTORNEYS FOR DEFENDANT CONOCOPHILLIPS COMPANY

Nathan P. Eimer
Lisa S. Meyer
Ameri R. Giannotti
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 660-7601
E-Mail:
*neimer@eimerstahl.com*
*lmeyer@eimerstahl.com*

11

*agiannotti@eimerstahl.com*
ATTORNEYS FOR DEFENDANT CITGO PETROLEUM CORPORATION

Donald B. Craven
James P. Tuite
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
E-Mail:
*dcraven@akingump.com*
*jtuite@akingump.com*

and

Reginald D. Steer
Chad A. Stegeman
Akin Gump Strauss Hauer & Feld, LLP
580 California, 15th Floor
San Francisco, CA 94104-1036
Telephone:  (415) 765-9500
Facsimile:  (415) 765-9501
E-Mail:
*rsteer@akingump.com*
*cstegeman@akingump.com*
ATTORNEYS FOR DEFENDANT VALERO MARKETING AND SUPPLY COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on March 13, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jere L. Beasley (BEA020)
Rhon E. Jones (JON093)
Scarlette M. Tuley (TUL007)
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
ATTORNEYS FOR PLAINTIFFS

                                                s/ Robert S. Lamar, Jr.
                                                Robert S. Lamar, Jr. (LAM002)

08003.18500/KSHO/PLEA-1/975506.1